NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK ROY HARPER,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>PETER GEORGES, individually and in his official capacity as California Department of Fish and Wildlife; LORI FRUGOLI, individually and in her official capacity as District Attorney County of Marin; MICHAEL WEAR, individually and in his official capacity as Deputy District Attorney County of Marin; ZACHARY HARMON, individually and in his official capacity as Deputy District Attorney County of Marin,<br><br>Defendants - Appellees. | No. 24-3514<br><br>D.C. No. 3:23-cv-05426-VC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted February 18, 2025[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

Patrick Roy Harper appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal claims related to an incident involving his commercial fishing vessel and his subsequent state law conviction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Whitaker v. Garcetti,* 486 F.3d 572, 579 (9th Cir. 2007). We affirm.

The district court properly dismissed Harper's action as *Heck*-barred because success on Harper's claims would necessarily imply the invalidity of his conviction, and Harper failed to show that his conviction had been invalidated. *See Heck*, 512 U.S. at 487 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

Denial of Harper's motion for default judgment was proper. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (providing the standard of review and setting forth factors that courts may consider in determining whether to enter default judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**